

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

FILED
FEB 11 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

January 14, 2020

Roger Lambert
Lambert Law Office, PLLC
P. O. Box 588
Hurricane, WV 25526

      Re:   United States v. Julie Wheeler
            Criminal No. 2:19-cr-00235 (USDC SDWV)

Dear Mr. Lambert:

This will confirm our conversations with regard to your client, Julie Wheeler (hereinafter "Ms. Wheeler"). As a result of these conversations, it is agreed by and between the United States and Ms. Wheeler as follows:

    1.   **PENDING CHARGES.** Ms. Wheeler is charged in a single-count indictment which charges her with a violation of 18 U.S.C. § 1347 (healthcare fraud)).

    2.   **RESOLUTION OF CHARGES.** Ms. Wheeler will plead guilty to the single-count indictment, which charges her with a violation of 18 U.S.C. § 1347.

    3.   **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Ms. Wheeler will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of 10 years;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

_____
Defendant's Initials

    (c)    A term of supervised release of 3 years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Ms. Wheeler has submitted certified financial statements to the United States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case. Ms. Wheeler agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **FORFEITURE.** Ms. Wheeler hereby agrees as follows:

    (a)    To forfeit to the United States any and all property in Ms. Wheeler's possession or under her control which constitutes proceeds of or is derived from the proceeds of the offense to which Ms. Wheeler is agreeing to plead guilty, and is set forth in the indictment, namely a violation of 18 U.S.C. § 1347. Ms. Wheeler further agrees not to contest a forfeiture money judgment in the amount of $302,131.93.

    (b)    To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled. Any such identified property deemed forfeitable by the United States will then be forfeited, pursuant to 18 U.S.C. §§ 981, 982 or 28 U.S.C. § 2461, in either an administrative or judicial forfeiture action;

    (c)    To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to

                                              _____
                                              Defendant's
                                              Initials

    return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

 (d) To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

 (e) To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in <u>United States v. Alexander</u>, 509 U.S. 544 (1993); <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998); <u>United States v. Austin</u>, 509 U.S. 602 (1993); and their progeny.

6. **RESTITUTION**. Notwithstanding the offense of conviction, Ms. Wheeler agrees that she owes restitution in the amount of as much as $302,131.93 and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Ms. Wheeler further agrees as follows:

 (a) Ms. Wheeler agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

 (b) Ms. Wheeler will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

_____
Defendant's Initials

(c) Ms. Wheeler agrees not to dispose of, transfer or otherwise encumber any real or personal property which she currently owns or in which she holds an interest.

(d) Ms. Wheeler agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest she may have in and to such property, and waives her right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Ms. Wheeler agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Ms. Wheeler to pay a greater or lesser sum of restitution in accordance with law.

7. **PAYMENT OF MONETARY PENALTIES.** Ms. Wheeler authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. Ms. Wheeler agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Wheeler further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a

_____
Defendant's Initials

limitation on the methods, available to the United States to enforce the judgment.

Ms. Wheeler authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Ms. Wheeler shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Ms. Wheeler agrees that if she retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, she shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct her attorney to notify FLU immediately of her representation.

8. **COOPERATION.** Ms. Wheeler will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Wheeler may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Wheeler, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range

_____
Defendant's Initials

under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Wheeler for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Wheeler for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Wheeler stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Ms. Wheeler agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried for her conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Wheeler or of any of her witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Ms. Wheeler knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Ms. Wheeler understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the

_____
Defendant's Initials

Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Ms. Wheeler agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG §2B1.1</u>

| | |
|---|---|
| Base offense level (§2B1.1(a)(2) | 6 |
| Parties loss amount calculation is more than $250,000 (§2B1.1(b)(1)(G)) | +12 |
| Abuse of position of trust (§3B1.3) | + 2 |
| Total | 20 |

The United States and Ms. Wheeler acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Wheeler knowingly and voluntarily waives the right to seek appellate review of her conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 20 , regardless of criminal history category. Ms. Wheeler also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction for 18 U.S.C. § 1347 is unconstitutional,

_____
Defendant's
Initials

and (2) Ms. Wheeler's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of 18 U.S.C. § 1347.

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 17 , regardless of criminal history category.

Ms. Wheeler also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Ms. Wheeler knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

_____
Defendant's Initials

    (b)    Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Ms. Wheeler;

    (f)    Advise the Court concerning the nature and extent of Ms. Wheeler's cooperation; and

    (g)    Address the Court regarding the issue of Ms. Wheeler's acceptance of responsibility.

    16.  **VOIDING OF AGREEMENT.**  If either the United States or Ms. Wheeler violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    17.  **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Ms. Wheeler in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Wheeler in any Court other than the United States District Court for the Southern District of West Virginia.

_____
Defendant's Initials

Acknowledged and agreed to on behalf of the United States:

>MICHAEL B. STUART
>United States Attorney
>
>*Erik S Goes*
>
>By:  ERIK S. GOES
>Assistant United States Attorney

ESG/smw

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_Julie Wheeler_                                  01-22-2020
Julie Wheeler                                     Date Signed
Defendant

_Roger Lambert_                                  01-22-2020
Roger Lambert                                     Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:19-cr-00235

JULIE WHEELER

## STIPULATION OF FACTS

The United States and the defendant, Ms. Julie Wheeler (hereinafter "I") stipulate and agree that the facts comprising the offense of conviction in the single-count Indictment in the Southern District of West Virginia, Criminal No. 2:19-cr-00235 and the relevant conduct for that offense, include the following:

### BACKGROUND

I, Ms. Julie Wheeler, agree that the following background facts are true based on information and belief:

1. The United States Department of Veterans Affairs ("VA") was a department and independent federal agency of the executive branch of the United States Government.

2. The VA provided health care benefits to certain Korea and Vietnam Veterans' birth children diagnosed with spina bifida through the Veterans Health Administration ("VHA") under the Spina Bifida Health Care Benefits Program, a healthcare benefit program within the meaning of Title 18, United States Code Section 24(b).

3. The Spina Bifida Health Care Benefits Program paid for home health services, including home health aide services and homemaking services, for beneficiaries of the program.

4. The Veterans Health Administration Office of Community Care ("OCC") located in Denver, Colorado, managed the Spina Bifida Health Care Benefits Program, including authorization of benefits and the subsequent processing and payment of health care claims.

5. K.L., also known as K.W. ("K.L.") was a recipient of spina bifida health care benefits through the VA's Spina Bifida Health Care Benefits Program.

OFFENSE AND RELEVANT CONDUCT

I, Ms. Julie Wheeler, agree that the following facts are true:

6. I was the owner and operator of JRW Homecare Support Services ("JRW HSS"). The VA employed me to provide benefits and services to K.L. associated with K.L.'s needs associated with spina bifida. I did this at or near Oak Hill, in Fayette County, West Virginia and do not dispute that this is located in the Southern District of West Virginia.

7. I executed a scheme to defraud money owned by and under the custody and control of a healthcare benefit program by inflating the hours and days of services provided to K.L. on health insurance claim forms. I completed these forms and submitted them to OCC knowing that I did not provide as many hours and days of services claimed.

8. Examples of my fraudulent submissions to OCC included the following:

   a. On (or about) January 1, 2017, I submitted health insurance claim forms to OCC fraudulently representing that I provided eight hours of home health services, seven days a week for K.L. every day from October 1, 2016 through December 31, 2016. I did not provide K.L. such services eight hours a day, seven days a week.

   b. On (or about) April 3, 2017, I submitted health insurance claim forms to OCC fraudulently representing that I performed eight hours of daily home health services, seven days a week for K.L. every day from March 9, 2017 through April 1, 2017. I did not provide K.L. such services eight hours a day, seven days a week.

   c. On (or about) July 2, 2017, I submitted health insurance claim forms to OCC fraudulently representing that I provided eight hours of home health services, seven days a week for K.L. every day from April 21, 2017 through June 30, 2017. I did not provide K.L. such services eight hours a day, seven days a week.

**PLEA AGREEMENT EXHIBIT A**

2

9. Upon receipt of these and similar fraudulent submissions to OCC, the VA authorized payments under the Spina Bifida Health Care Benefits Program. Payment was then issued from the Department of the Treasury to me through JRW HSS.

10. From June 30, 2017 through May 31, 2018, I received approximately $302,131.93 from a health care benefit program that I was not entitled to receive.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement in the charge set forth in the Indictment.

Stipulated and agreed to:

_____     1-22-2020
JULIE WHEELER                       Date
Defendant

_____     1-22-2020
ROGER LAMBERT                       Date
Counsel for Defendant

_____     1/29/2020
ERIK S. GOES                        Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
3