# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:19-cr-00235

**JULIE M. WHEELER**

## UNITED STATES SENTENCING MEMORANDUM

The United States of America, by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, offers the following Sentencing Memorandum in anticipation of defendant's sentencing, presently scheduled for June 17, 2020 at 10:00 a.m.

## OFFENSE AND RELEVANT CONDUCT

The Revised Presentence Investigation Report ("PSR") sets the base offense level at 6. *See* USSG §2B1.1(a); PSR, Paragraph ("¶") 45. The financial loss exceeded $250,000, resulting in a 12 offense level increase. *See* USSG §2B1.1(b)(1)(G), PSR, ¶ 46. Defendant abused a position of trust and used a special skill, resulting in a two-level enhancement. *See* USSG §3B1.3, PSR, ¶ 48.

Defendant initially accepted responsibility for her criminal conduct such that her plea and admission of guilt supported the typical decrease pursuant to USSG §3E1.1(a). Defendant's conduct as set forth in paragraph 43, however, no longer supports acceptance of responsibility. *See* Plea Agreement, ECF 29,

Paragraph 15(g), permitting the United States to address the issue of Ms. Wheeler's present acceptance of responsibility in light of events of May 31, 2020 and the PSR's position in paragraph 52.

Defendant intentionally created a ruse by faking her own death at the New River Gorge for the express purpose of avoiding sentencing. *See* PSR, ¶¶ 43, 58. Defendant is presently charged in Raleigh County Magistrate Court with a number of felony and misdemeanor charges relating to her conduct of falsely reporting her death. *Id.* The United States is further prepared to call witnesses in support of this allegation, though this guideline adjustment for accepting responsibility is not presently being contested by defendant. *See* Defendant's Sentencing Memorandum, ECF 40.

Any reduction for acceptance previously available to Defendant is negated by her conduct. Defendant, in conspiring to fake her death and go into hiding to avoid sentencing, represents the antithesis of taking responsibility for her criminal conduct. The United States specifically will not move for the third point to be awarded to defendant pursuant to USSG §3E1.1(b); *see* PSR, ¶ 52.

An obstruction or impeding the administration of justice enhancement, found at USSG §3(1.1), is also applicable to this defendant and the United States **OBJECTS** to its exclusion in the revised presentence report. *See* ¶ 49, *see also* United States

Sentencing Memorandum, REMAINING OBJECTIONS, *supra*. Defendant's conduct negates her acceptance of responsibility and supports a two-level enhancement for obstructing and impeding the administration of justice. If this two-level obstruction enhancement is given, the offense level would be 22, not 20 as stated as the adjusted offense level in the presentence report. *See* PSR, ¶ 53, *see also* REMAINING OBJECTIONS, *supra.*

Defendant has a minor misdemeanor conviction of a worthless check from 2015, though this conduct results in zero criminal history points. *See* PSR, ¶ 55. Defendant has a number of pending state criminal charges in the instant case that relate to Defendant's conduct in falsely reporting her death. *See* PSR, ¶ 58. As these charges are pending, Defendant has a criminal history category of I. *See* PSR, ¶ 82.

Defendant's advisory Guideline range would be 41-51 months if the obstruction of justice is included, and 33-41 months if the Court excludes the obstruction of justice enhancement sought by the United States. *See* PSR, ¶ 82. The maximum term of imprisonment for the felony federal offense of health care fraud. 18 U.S.C. § 1347 is ten years. *See* PSR, ¶ 81.

## **REMAINING OBJECTIONS**

The only pending objection to the revised presentence report is the United States objection to the exclusion of the two-level enhancement for obstruction of justice.

Defendant's conduct of May 31, 2020 gives rise to an additional sentencing enhancement for obstruction of justice pursuant to USSG §3C1.1 that was excluded from the revised presentence report. S*ee* PSR, ¶ 49. An obstruction of justice enhancement is specifically applicable to this defendant. Paragraph 15 (b), (d), and (g) of the Plea Agreement permits the United States to address the issue of Ms. Wheeler's obstruction of justice in light of events of May 31, 2020.

A Defendant who "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the sentencing of the instant offense of conviction and the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct or (B) any closely related offense will increase the offense level by 2 levels." *See* USSG §3C1.1. Defendant's conduct meets this standard in that her scheme was designed with the exact purpose of obstructing the sentencing in this criminal case.

Defendant is alleged to have conspired to have faked her own death. *See* PSR, ¶¶ 43, 58. This was done by throwing a shoe and a phone off of a cliff at New River Gorge. Her family assisted in

reporting her as missing.  In statements given to the State Police and the National Park Service, Defendant admitted this conduct was for the express purpose of not appearing at the federal sentencing for her health care fraud conviction.  The United States will submit evidence to support this point, though it appears to not be factually contested for acceptance of responsibility.  *See* Defendant's Sentencing Memorandum ECF 40.

A large number of professional search and rescue workers turned out to search for the Defendant. Defendant was ultimately found hiding in a closet in her own home.  Defendant was arrested on a number of state charges.  *See* PSR, ¶ 58.

Defendant's conduct supports the addition of this two-level enhancement for obstructing justice. Her conduct attempted to impede this very sentencing. If this enhancement is given, Defendant's offense level would be 22, resulting in an advisory guideline range of 41-51 months. *See* PSR, ¶ 53.

While no USSG §3C1.1 Application Notes support this exact scenario, a number of the "non-exhaustive" factors in the application notes are present to support its inclusion.  These are: escaping or attempting to escape or willfully failing to appear as ordered; (USSG §3C1.1 Application Note 4(E)); providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the investigation; (USSG §3C1.1 Application Note 4(E)); or other conduct prohibited by

obstruction of justice provisions, specifically 18 U.S.C § 1503; (USSG §3C1.1 Application Note 4(I)).

Defendant's attempt to avoid sentencing was the result of an alleged conspiracy to fake her own death. Had she succeeded, her sentence would have been postponed, perhaps indefinitely. And to execute this scheme, her family made repeated false claims to law enforcement. That she was caught thanks to the quick action of the West Virginia State Police is a credit to them, not a means for her to escape the enhancement. Defendant's conduct fits this "non-exhaustion" list quite well.

Cases further supports this application of the enhancement. The Fourth Circuit has repeatedly upheld an obstruction of justice enhancement with facts that echo the instant case. *See United States v. Melton,* 970 F.2d 1328, 1335 (4th Cir. 1992) (attempt to escape from custody shortly after arrest supports enhancement); *United States v. Williams,* 152 F.3d 294, 302-04 (4th Cir. 1998) (escape from custody shorty after arrest supports enhancement); *United States v. Thorson,* 633 F.3d 312, 320-21 (4th Cir. 2011) (making false documents regarding a co-conspirators role in the offense supports enhancement).

Though not exactly "on point", each case describes similar obstructive conduct that is engaged by Defendant in the instant matter. Other cases support this position. If disguising a voice for voice exemplars to defense experts supports the enhancement

(*United States v. Ashers,* 968 F.2d 411, 413 (4th Cir. 1992)) and using an alias also supports the enhancement (*United States v. Saintil*, 910 F.2d 1231, 1232-33 (4th Cir. 1990)), the Defendant's elaborate scheme to fake her own death likewise meets this enhancement.

## **RESTITUTION AND VICTIMS**

Restitution is applicable for this offense. *See* 18 U.S.C. 3663A; PSR, ¶ 96. The Veterans Health Administration Office of Community Care ("VHA-OCC") suffered an agreed-upon loss of $289,055.07. *See* PSR, ¶ 36-39. This estimated amount was calculated by the VHA-OCC and adopted by the parties by crediting Defendant with having provided some health care services to K.L through the pendency of the scheme, while holding her to account for the services she did not provide. Defendant's own statements as corroborated by other witnesses were used to make this restitution calculation. *See* PSR, ¶¶ 30, 36-39.

This estimate of fraud loss by the parties and as agreed to by the VHA-OCC is an acceptable way of a Court to determine loss. *See* USSG §2B1.1 Application Note 3 (c). In crediting some hours of service, this permits full recovery for the VHA-OCC of the amount of money they believe was fraudulently paid to Defendant. This also avoids a hearing where there would be no way to precisely calculate exactly how many hours of service were legitimately

7

provided versus actually claimed.  To this extent, the VA has agreed that $289,055.07 is the appropriate amount of fraud loss.

## 18 U.S.C. § 3553(a) FACTORS

The United States believes a guideline sentence is an appropriate sentence for defendant's conduct. Defendant's crime represents a longstanding health care fraud where she was paid the sizable sum of $736 a day to provide eight hours of health care services to K.L.  *See* PSR, ¶ 14. Instead, Defendant submitted bills for services she did not provide to K.L. who had a spina bifida diagnoses.  *See* PSR, ¶ 15.  Defendant's systematic defrauding of the Spina Bifida Health Care Program was not an impulsive and rash act.  She deliberately filled out fraudulent invoices accounting for her time knowing she had not provided services over the course of several years.

The crime was planned and deliberate, admitted by defendant in statements, and readily identified as criminal fraud.  This fraud came at the expense of K.L., a relative of the Defendants, who was to be provided spina bifida services for her own comfort. Spina bifida is a painful and debilitating condition.  The Spina Bifida Health Care Benefits Program is designed to specifically to ease the suffering of those afflicted with this terrible condition. Defendant's failure to provide care to a relative that needed the care has an element of cruelty.  That she was failing to provide

8

spina bifida services while taking the astounding sum of $736 dollars a day from the VA simply shocks the conscience.

There is a just expectation that VHA-OCC programs go to those who need them the most. All government resources are of limited means. Taking money from the deserving by willful and deliberate fraud calls for a serious sentence to deter Defendant (and anyone else) who would engage in this conduct. People simply cannot steal hundreds of thousands of dollars from the VHA-OCC and deprive a victim of needed care. A message of deterrence should be sent to her and others who may be abusing VHA-OCC programs such as the Spina Bifida Health Care fund.

Defendant's subsequent conduct of faking her own death to avoid sentencing also should be addressed as a 3553(a) factor. A message should be further sent that people should not engage in this kind of duplicity, least of all to avoid a federal court sentence. Local, state, and federal resources were deployed, looking for defendant. Men and women spent their time and in some cases risked their lives by repelling down cliffs in the search for Defendant that turned out to be Defendant's ruse. While her long term goal was unclear, it appears that Defendant intended to go into hiding for a lengthy period of time. Defendant must understand that this sort of scheme cannot be tolerated or simply passed off as an amusing sidebar—this is serious misconduct that should result in serious consequences.

**TIME AND WITNESS**

There is one remaining objection that can perhaps be addressed on the record, though the United States will be prepared to offer witnesses in support of the allegations concerning the falsely reported accident/suicide. One hour should be sufficient to conduct the sentencing hearing even if there is a need for testimony.

>
> Respectfully submitted,
>
> MICHAEL B. STUART
> United States Attorney
>
> By: s/Erik S. Goes
> ERIK S. GOES
> Assistant United States Attorney
> WV State Bar No. 6893
> 300 Virginia Street, East
> Room 4000
> Charleston, West Virginia 25301
> Telephone: 304-345-2200
> Fax:304-347-5104
> E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 10th day of June, 2020, to:

>
> Roger Lambert
> 1018 Kanawha Blvd. East Suite 304
> Charleston WV 25301

>
> s/Erik S. Goes
> ERIK S. GOES
> Assistant United States Attorney
> WV State Bar No. 6893
> 300 Virginia Street, East
> Room 4000
> Charleston, West Virginia 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> E-mail: erik.goes@usdoj.gov