# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 2:19-cr-00235

**JULIE M. WHEELER**

## UNITED STATES SECOND SENTENCING MEMORANDUM

The United States of America, by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, offers the following Second Sentencing Memorandum in anticipation of defendant's sentencing, presently scheduled for June 30, 2020 at 1:30 p.m.

## OFFENSE AND RELEVANT CONDUCT

The Presentence Investigation Report ("PSR") sets the base offense level at 6. *See* USSG §2B1.1(a); PSR, Paragraph ("¶") 48. There are several applicable sentencing enhancements. The financial loss exceeded $250,000, resulting in a 12 offense level increase. *See* USSG §2B1.1(b)(1)(G), PSR, ¶ 49. Defendant abused a position of trust and used a special skill, resulting in a two-level enhancement. *See* USSG §3B1.3, PSR, ¶ 51.

Defendant also obstructed justice by her conduct with respect to sentencing in this case, resulting in a two-level increase. *See* USSG §3C1.1; PSR, ¶ 52; PSR addendum. This results in an adjusted offense level of twenty-two. *See* PSR, ¶ 53.

Defendant initially accepted responsibility for her criminal conduct such that her plea and admission of guilt supported the customary decrease pursuant to USSG §3E1.1(a). Defendant's conduct as set forth in paragraph 46, however, no longer supports acceptance of responsibility. *See also* Plea Agreement, ECF 29, Paragraph 15(g), permitting the United States to address the issue of Ms. Wheeler's present acceptance of responsibility in light of events of May 31, 2020 and the PSR's position in paragraphs 46, 55, 61, and the PSR addendum.

Defendant intentionally attempted to obstruct this sentencing by faking her own death at the New River Gorge. *See* PSR, ¶¶ 46, 61. Defendant is presently charged in Raleigh County Magistrate Court with a number of felony and misdemeanor charges relating to her conduct of falsely reporting her death to avoid sentencing in the instant case. *Id.* The United States is further prepared to call witnesses in support of this allegation.

Any reduction for acceptance previously available to defendant is negated by her conduct. Defendant, in conspiring to fake her death and go into hiding to avoid sentencing, represents the antithesis of taking responsibility for her criminal conduct. The United States specifically will not move for the third point to be awarded to defendant pursuant to USSG §3E1.1(b); see PSR, ¶ 55.

Defendant has a minor misdemeanor conviction of a worthless check from 2015, though this conduct results in zero criminal history points. *See* PSR, ¶ 58. Defendant has a number of pending state criminal charges in the instant case that relate to defendant's conduct in falsely reporting her death. *See* PSR, ¶ 61. As these charges are pending, defendant has a criminal history category of I. *See* PSR, ¶ 85.

Defendant's advisory guideline range would be 41-51 months. *See* PSR, ¶ 85. The maximum term of imprisonment for the felony federal offense of health care fraud, 18 U.S.C. § 1347, is ten years. *See* PSR, ¶ 84.

## **REMAINING OBJECTIONS**

The only objection to the PSR is the defendant objecting to the inclusion of the two-level enhancement for obstruction of justice. *See* Addendum to the Presentence Report. This obstruction enhancement has been properly included in the PSR.

The United States is prepared to either argue on the record for its inclusion with the facts as contained within the PSR, and also to call witnesses in support of this obstruction enhancement if desired by the Court or any party. The United States will further rely on the analysis in the Addendum to the Presentence Report (pages 26-28), the United States prior Sentencing Memorandum (ECF 43), and case law in support of its proper inclusion (*Id.*).

Defendant's conduct goes to the very heart of obstruction of justice—the entire purpose of her scheme was to avoid sentencing. The two-level obstruction enhancement is properly included in the PSR.

### **RESTITUTION AND VICTIMS**

Restitution is applicable for this offense. *See* 18 U.S.C. 3663A; PSR, ¶ 96. The Veterans Health Administration Office of Community Care ("VHA-OCC") suffered an agreed-upon loss of $289,055.07. *See* PSR, ¶ 36-39. This estimated amount was calculated by the VHA-OCC and adopted by the parties by crediting defendant with having provided some health care services to K.L through the pendency of the scheme, while holding her to account for the services she did not provide. Defendant's own statements as corroborated by other witnesses were used to make this restitution calculation. *See* PSR, ¶¶ 30, 36-39.

This estimate of fraud loss by the parties and as agreed to by the VHA-OCC is an acceptable way for a Court to determine loss. *See* USSG §2B1.1 Application Note 3 (c). In crediting some hours of service, this estimate permits full recovery for the VHA-OCC of the amount of money they believe was fraudulently paid to defendant. This agreed-upon calculation also avoids a hearing where there would be no way to precisely calculate the number of hours of service that were legitimately provided by defendant

versus those actually claimed.  To this extent, the VHA-OCC has agreed that $289,055.07 is the appropriate amount of fraud loss.

## 18 U.S.C. § 3553(a) FACTORS

The United States believes a guideline sentence is an appropriate sentence for defendant's conduct.  The United States' first sentencing memorandum extensively reviewed these factors.  Defendant's crime represents a longstanding health care fraud of the VHA-OCC.  Defendant was paid $736 a day to provide eight hours of health care services to K.L.  *See* PSR, ¶ 14.  Instead, defendant submitted bills for services she did not provide to K.L. who had a spina bifida diagnoses.  *See* PSR, ¶ 15.

There is an expectation that VHA-OCC programs go to those who need them the most.  All government programs are of limited means.  Taking money from the deserving by willful and deliberate fraud calls for a serious sentence to deter defendant (and anyone else) who would engage in this conduct.  A message of deterrence should be sent to her and others who may be abusing VHA-OCC programs such as the Spina Bifida Health Care fund.

Defendant's subsequent conduct of faking her own death to avoid sentencing also should be addressed as a 3553(a) factor.  A message should be further sent that people should not engage in this kind of duplicity, least of all to avoid a federal court sentence.  Local, state, and federal resources were deployed looking for defendant. Men and women spent their time and in some

cases risked their lives by repelling down cliffs in the search for defendant that turned out to be defendant's ruse. Defendant must understand that this is obstructive misconduct that should result in serious consequences.

**TIME AND WITNESS**

There is one remaining objection. The United States will be prepared to offer argument, testimony, or both in support of the allegations concerning the falsely reported accident/suicide. One hour should be sufficient to conduct the sentencing hearing even if there is a need for witness testimony.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By: s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV State Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, West Virginia 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES SECOND SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 26th day of June, 2020, to:

    Roger Lambert
    1018 Kanawha Blvd. East, Suite 304
    Charleston WV 25301

        s/Erik S. Goes
        ERIK S. GOES
        Assistant United States Attorney
        WV State Bar No. 6893
        300 Virginia Street, East
        Room 4000
        Charleston, West Virginia 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        E-mail: erik.goes@usdoj.gov